UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL PEREZ, *et al*,

      Plaintiffs

vs.                                              No. 8:01-CV-0069-T-27MSS

PAVEX CORPORATION, a
Florida Corporation,

      Defendant
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15(a), F.R.Civ.P., plaintiffs move this Court for leave to amend their Amended Complaint by adding the following Claims for Relief:

> Assault. Based on the foregoing, defendant, through its agents and employees, intentionally acted in a matter to cause Plaintiff Narciso Perez to apprehend that it intended to inflict bodily harm upon him and that it had the capacity to inflict such harm, causing plaintiff to suffer damage.
> Battery. Based on the foregoing, defendant, through its agents and employees intentionally struck or otherwise offensively and harmfully touched Plaintiff Narciso Perez, causing him to suffer damage.
> Intentional Infliction of Emotional Distress. Based on the foregoing, defendant, through its agents and employees, has engaged in extreme and outrageous conduct and has intentionally or recklessly inflicted severe emotional distress upon Plaintiff Narciso Perez, causing him to suffer damage.

The proposed amendment relates to Plaintiff Narciso Perez only. The purpose of the amendment is to add alternative theories of recovery which arise from the transactions and occurrences previously set out in the Amended Complaint.

WHEREFORE, plaintiffs respectfully move that leave to amend the Amended Complaint be granted.

## MEMORANDUM OF LAW

The original Complaint in this matter was filed by Plaintiffs Miguel Perez and Susan McKenna only, on January 11, 2001. Twenty-five additional plaintiffs were added in the (First) Amended Complaint on March 8, 2001. With the addition of the 25 new plaintiffs, the parties jointly advised the Court additional time may be required for discovery, and that a Track 3 designation may be more appropriate for this case. Case Management Report §12 (April 12, 2001).

The parties have engaged in a significant amount of discovery, including the depositions of all but one[1] of the plaintiffs. This Court has recently granted the parties' Joint Motion to Extend Case Calendar, extending the time for discovery until May 29, 2002.

As a result of the discovery completed to date, plaintiffs have identified numerous allegations in the Amended Complaint which need to be corrected, amended, deleted or added. These revisions are all encompassed in a Proposed Second Amended Complaint, a copy of which had been provided to defendant. This is plaintiffs' first attempt to amend the Complaint since the allegations of the additional 25 plaintiffs were initially set out in the Amended Complaint.

Pursuant to Local Rule 3.01(g), the undersigned counsel for plaintiffs has been conferring with defense counsel in a good faith effort to resolve the issues raised herein. Specifically, a copy of the 39-page Proposed Second Amended Complaint, annotated to show the additions and deletions, was sent to defense counsel by overnight mail on February 11, 2002. On February 14, 2002, defense counsel informed the undersigned that additional time would be required to review the Proposed Second Amended Complaint. The parties anticipate that agreement will be reached that leave to amend be granted as to several of the amendments, thus significantly narrowing the issues which would remain for resolution by the Court.

---

[1] The deposition of Plaintiff Amanda Wallace has been set for March 26, 2002.

The instant motion is filed at this time for the limited purpose of preserving the claims of Plaintiff Narciso Perez, arising out of his beating by defendant's agent, Tony Hill, on February 17, 1998. The statute of limitations on his intentional tort claims would run on February 17, 2002. These claims are likely governed by the doctrine of "relation back", as the underlying facts have already been alleged in Plaintiff's Perez' Section 1981 claim in the Amended Complaint. *See*, Rule 15(c), F.R.Civ.P.; 6A Wright & Miller, Federal Practice & Procedure 2d §1496. However, in order to avoid creating an additional dispute on the issue of "relation back", and to ensure that these claims, if allowed, are not barred by the statute of limitations, plaintiffs have filed this motion prior to the expiration of the four year statute of limitations for intentional torts.

Once the parties have completed their Local Rule 3.01(g) consultations regarding the entire Proposed Second Amended Complaint, plaintiffs will file a Substituted Motion for Leave to Amend Complaint, attaching the Proposed Second Amended Complaint, and identifying those amendments, if any, which are opposed by defendant. Plaintiffs anticipate that this process will be completed prior to the date when defendant's response to the instant motion is due.

Respectfully submitted,

_____
Peter F. Helwig, Trial Counsel
Florida Bar No. 0588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Telephone: (863) 648-2958
Facsimile: (863) 619-8901

Jack Scarola
Florida Bar No. 169440

3

Searcy, Denney, Scarola, Barnhardt & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33402
Telephone: (561) 686-6300
Facsimile: (561) 478-0754

ATTORNEYS FOR PLAINTIFFS

Certificate of Service

I hereby certify that a copy of the foregoing was mailed by regular U.S. Mail on this 14th day of February, 2002 to Tracey K. Jaensch, Esq. and Jennifer M. Moore, Esq., Ford & Harrison, 101 East Kennedy Boulevard, Suite 900, Tampa, Florida 33602.

_____
Peter F. Helwig

4