**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MIGUEL PEREZ, *et al.*,**

**Plaintiffs,**

**v.** **CASE NO: 8:01-CV-69-T-27MSS**

**PAVEX CORPORATION, a Florida corporation,**

**Defendant.**
______________________________________/

**ORDER**

**BEFORE THE COURT** is Defendant's Motion for Attorneys' Fees and Sanctions Relating to Claims of Plaintiff Susan Mckenna (Dkt. 278) and Plaintiffs' Memorandum in Opposition (Dkt. 284). Upon consideration, Defendant's motion is DENIED.

Plaintiff McKenna, a white female, initiated this action against Defendant Pavex Corporation alleging discrimination, retaliation, and hostile work environment in violation of § 1981 and the Florida Civil Rights Act ("FCRA"). Among other allegations, Plaintiff alleged that her employment was terminated in violation of § 1981 because she complained that white employees, including supervisors, harassed her African-American and Hispanic co-workers. (Dkt. 114, p. 10). On February 28, 2003, Defendant served on Plaintiff a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. (Dkt. 278-2). In its motion, Defendant argued that Plaintiff's § 1981 claims were frivolous because as a Caucasian, Plaintiff had no cognizable claim for witnessing or complaining about the harassment of her African-American and Hispanic co-workers. (Dkt. 278-2, p. 3).

After Defendant served its motion for sanctions, on March 3, 2003, Plaintiff sought leave to amend the complaint to specify that she no longer alleged claims for hostile work environment and

intentional infliction of emotional distress.[1] (Dkt. 190). Plaintiff continued to assert her § 1881 retaliation claim. Defendant then moved for summary judgment on Plaintiff's FCRA and § 1981 discriminatory and retaliatory discharge claims. (Dkt. 227). Defendant's motion for summary judgment was granted and all of Plaintiff's claims were dismissed. (Dkt. 276).

Pursuant to Fed. R. Civ. P. 11, Defendant seeks an award of its attorney's fees incurred in defense of Plaintiff's § 1981 claim. Defendant asserts two grounds in support of Rule 11 sanctions: (1) Defendant contends that Plaintiff and her attorney failed to investigate to determine there was no cognizable claim for retaliatory discharge pursuant to § 1981 based on a white plaintiff complaining about harassment of non-white co-workers; and (2) Defendant contends Plaintiff knew she could not prove a *prima facie* case for retaliatory or discriminatory discharge because she knew Don Kesling, the Pavex supervisor to whom she complained about the harassment, was not the individual who terminated her (Dkt. 278, p. 1).

Applicable Standard

In assessing Rule 11 sanctions, it is first determined whether the party's claims are objectively frivolous in view of the facts or law and, if they are, whether the person who signed the pleadings should have been aware that they were frivolous. *McGuire Oil Co. v. Mapco, Inc*, 958 F.2d 1552, 1563 (11th Cir. 1992). The objective standard for evaluating conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998).

The Eleventh Circuit requires a two-step inquiry as to (1) whether the party's claims are

[1] On May 28, 2003, Plaintiff's claims for hostile work environment and intentional infliction of emotional distress were dismissed. (Dkt. 208).

objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *Baker*, 158 F.3d at 524. "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Id.*

Discussion

Defendant seeks sanctions pursuant to Rule 11(b)(2), which requires the attorney to certify that to the best of his knowledge, information and belief, "the claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

In support of her argument that she had a cognizable § 1981 retaliation claim, Plaintiff relied on *Sullivan v. Little Hunting Park*, 396 U.S. 229 (1969) and two Eleventh Circuit cases, *Andrews v. Lakeshore Rehabilitation Hospital*, 140 F.3d 1405 (11th Cir. 1998) and *Jackson v. Motel 6 Multipurpose*, 130 F.3d 999 (11th Cir. 1997). Although this Court was not persuaded by Plaintiff's argument or the authority she relied on when it granted summary judgment against her on her § 1981 claim, her argument in support of her § 1981 retaliation claim cannot be said to have been patently frivolous.

Notably, *Andrews* and *Jackson* were decided after *Little v. United Technologies*, 103 F.3d 956 (11th Cir. 1997), the case on which this Court relied in dismissing Plaintiff's § 1981 retaliation claim. In the Order granting Defendant's motion for summary judgment, this Court recognized that "the scope of relief available under §1981 with respect to retaliation claims appears to be largely an

open question in this circuit . . ." (Dkt. 276, p. 10).[2] This Court also recognized that under different facts, the "Eleventh Circuit has permitted plaintiffs to assert retaliation claims under § 1981." (Dkt. 276, p. 10). Considering these cases, and that the viability of § 1981 claims was "largely an open question," Plaintiff's argument in support of her § 1981 claim can be characterized as "nonfrivolous argument for extending, modifying , or reversing existing law . . ." *See Baker*, 158 F.3d at 524 ("the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression"). By maintaining her § 1981 retaliation claim, Plaintiff was merely attempting to preserve an argument that the holding in *Little* should be modified or abrogated and that this Circuit recognize her § 1981 retaliation claim based on *Sullivan*. Moreover, Plaintiff had an arguable basis for this argument, given the discussion in *Jackson*. Plaintiff was entitled to preserve the issue without risk of sanctions. Accordingly, sanctions pursuant to Rule 11(b)(2) are not warranted.

Defendant also contends it is entitled to fees because Plaintiff lacked factual support for her retaliation claim. Specifically, Defendant contends Plaintiff knew she could not establish a *prima facie* case of retaliation because she knew that the Pavex supervisor to whom she complained about discrimination (Don Kesling) did not participate in the decision to terminate her employment. Defendant contends sanctions are appropriate pursuant to *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978), in which the Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding the Plaintiff's action was

---

[2] *See Andrews v. Lakeshore Rehabilitation Hosp.* 140 F.3d at 1412(" Moreover, in a case shortly after *Little*, this Court noted that the Eleventh Circuit had "not yet addressed the types of retaliation claims cognizable under § 1981 in light of the Civil Rights Act of 1991.")(citing *Reynolds v. CSX Transportation, Inc.*, 115 F.3d 860, 868 n. 10 (11th Cir.1997).

frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[3] *Christiansburg*, 434 U.S. at 421.

In support of its request for fees, Defendant contends that Plaintiff testified in her deposition that she knew Don Kesling did not participate in the decision to terminate her employment. Defendant's characterization of Plaintiff's testimony is not completely accurate. Plaintiff testified that she "had no idea" who made the decision to fire her and that regarding important issues, Kesling would "usually have *advice* from Orlando or Pompano, or somebody else in management would, you know, *be aware of it*." (McKenna Depo., pp. 130-131) (emphasis added). However, Plaintiff submitted additional evidentiary support for her contention that Kesling played a part in her termination. She testified that Kesling was the one who notified her of her termination and that Kesling signed her termination notice. (Dkt. 123). Although this evidence did not carry the day for Plaintiff and was, at best, weak, it cannot be said that her claim was completely unfounded or baseless.

In sum, while Plaintiff ultimately did not prevail on her claim, she offered some evidence in support of her retaliation claim. Contrary to Defendant's contention, this was not a case where Plaintiff exhibited a "deliberate indifference to obvious facts" demonstrating she did not have a cause of action. *See Baker*, 158 F.3d at 524 (generally sanctions are warranted where a claimant exhibits "deliberate indifference to obvious facts"). Where, as here, Plaintiff's evidence is "merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law," sanctions are not warranted. *See Baker*, 158 F.3d at 524. Accordingly, it is

---

[3]Arguably, similar relief is available pursuant to Rule 11(b)(3), which permits the imposition of sanctions if factual contentions lack evidentiary support. Fed. R. Civ. P. 11(b)(3).

**ORDERED AND ADJUDGED** that Defendant's Defendant's Motion for Attorneys' Fees and Sanctions Relating to Claims of Plaintiff Susan Mckenna (Dkt. 278) is DENIED.

**DONE AND ORDERED** in chambers on this 3rd day of April, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record